20598

George W. GILBERT, III, Respondent, v. Amy N. GILBERT (Heins). Appellant.

(241 S. E. (2d) 559)

*Coming B. Gibbs, Jr.,* of *Gibbs, Gaillard, Rowell &*
*Tanenbaum,* Charleston, *for Appellant,*

*P. Paul Cantrell, Jr.,* of *Holmes, Thomson, Logan &*
*Cantrell,* Charleston, *for Respondent,*

February 8, 1978.

Lewis, Chief Justice:

This controversy is between divorced parents over the custody of their minor daughter who suffers from a severe learning disability. The decree, under which the parties were divorced, was issued in April 1972, when the child was about two and one-half years of age, and awarded custody to the appellant mother. The order, from which this appeal comes, was issued in November 1976, and changed custody of the child from the appellant mother to the respondent father.

The order under appeal found both parties to be "fit and proper parents" and motivated in their respective contentions by great love and affection for the child and sincere concern for her welfare and comfort. The parents' differences arose over where the best available care and schooling for the child, with her learning disability, could be provided. This was the basic issue before the lower court and the consideration which prompted the decision to transfer custody to the father as the means to provide the care, custody and education necessary to best advance and aid the child in combating her learning disability.

It appears that concern arose over the child's learning ability about the time the parents were divorced. Subse-

quently the child's condition was recognized as one requiring special training and treatment; and, in May 1975, an agreement was entered into between the parents under which the father was given temporary custody for a one year period ending August 15, 1976, so that the child could be enrolled in Davison School in Atlanta, Georgia. This school is described as one of only three schools in the nation noted for treatment of the child's particular disorder. The father had remarried and established a home in Atlanta, although his job at the Charleston Naval Yard allowed him to be in Atlanta only during the weekends and when on annual leave.

Shortly before the expiration of the foregoing temporary agreement between the parties, the respondent father brought this action to retain custody, alleging that the child's condition had been greatly improved by the training and treatment at Davison School, and that irreparable harm would occur if she were withdrawn from the school and her home environment in Atlanta.

The alternative to a continuation of the child in the custody of the father and attendance at Davison School in Atlanta was a return to the original custody of the mother and attendance in a class in the Charleston School System being implemented for the instruction and training of children with such learning disabilities.

The experts, who testified, stated that the child was at a crucial stage in her language development. We are convinced that the deterioration in the child's condition and manifestations of her language impediment subsequent to the original custody award, combined with the existence of superior educational facilities at the Atlanta School, constitute a sufficient change of circumstances to justify a modification of the previous custody arrangement.

We agree that attendance at Davison School is in the child's best interest at the present time. This can best be accomplished by granting custody to the father who has established a home in Atlanta. However, reappraisal of the

child's educational progress should be made annually and continuation in Davison School assessed in the light of the success of the educational program for such children, which has been initiated in the Charleston County Schools.

Subject to the foregoing views, the judgment of the lower court is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.